IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**LONGGUI YAN,**<br>Defendant. | Criminal Case No. CR - 26 - 00010<br><br>**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT** |

I, Jay O. Charley, being duly sworn, depose and states:

**Introduction and Agent Background**

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have so been assigned since September 2025. I am currently assigned to the HSI Saipan office. I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

2. During my tenure as a Special Agent, I have completed approximately 1000 hours of Criminal Investigator Training Program and Homeland Security Investigations Special Agent Training Program instruction at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. While at FLETC, I received various advanced training programs hosted by federal organizations which related smuggling of narcotics, weapons and various types of contraband; financial crime and export enforcement issues, cybercrimes; child exploitation; immigrations crimes; human rights violations, human trafficking and smuggling, national security and gang investigations.

3. Prior to my tenure as a Special Agent, I was employed with the Commonwealth of

the Northern Mariana Islands (CNMI) Department of Public Safety (DPS) as a Police Officer for approximately 9 years. During my tenure with DPS, I served as a Task Force Officer (TFO) with Department of Homeland Security (DHS), Homeland Security Investigations (HSI) for approximately 2 years.

4. My duties as a Special Agent with HSI include investigating both criminal and administrative violations of Titles 18, 19, 21, 31 and others — including, but not limited to, violations of Title 21, United States Code, Section 841.

5. As a Special Agent with HSI, I have led and participated in investigations into criminal violations of illegal possession of controlled substances. I have received training and instructions in the field of investigation of drug trafficking and have had the opportunity to participate in investigations relating to drug trafficking.

6. I base the information in this Affidavit on my personal knowledge and on information that I have learned, either directly or indirectly, from witnesses, records, and other law enforcement officers and agents. Additionally, unless otherwise indicated, conversations discussed herein are described in substance and part rather than verbatim. Likewise, I have not included each and every fact that my investigation has revealed, but rather, have included only those facts necessary to show probable cause.

**Purpose of Affidavit**

7. I make this Affidavit in support of an Application for a Criminal Complaint and Arrest Warrant for Longgui Yan (YAN) because probable cause exists to believe that YAN violated Title 18, United States Code, Section 875(c), Interstate Threatening Communications, and Title 21, United States Code, Section 841(a)(1), Possession with the Intent to Distribute Methamphetamine.

## **Relevant Statutes**

8. Title 18, United States Code, Section 875(c) states: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

9. Title 21, United States Code, Section 841(a)(1) states: "[I]t shall be unlawful for any person knowingly or intentionally [ ] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]"

## **Facts Establishing Probable Cause**

10. On or about August 25, 2026, HSI Saipan received information from CNMI DPS regarding a domestic violence complaint involving the unlawful discharge of a firearm at the Kiss Bar, located along Beach Road in Garapan, Saipan.

11. On or about August 24, 2026, at approximately 1930 hours, law enforcement officers learned that YAN, also known as "Andy," entered Kiss Bar and grabbed the bar owner, identified herein as "P.Y.," by the arm before pulling her into a private room. According to P.Y., during the course of an argument, YAN removed a small firearm from his bag and pointed it at her. YAN then pressed the barrel of the firearm against P.Y.'s chin, causing minor injuries, before pointing the firearm toward the floor and firing off one round.

12. During subsequent interviews, P.Y. reported that, shortly after leaving Kiss Bar on August 24, 2026, YAN contacted her through the "WeChat" application and threatened to return to harm her and the business establishment. P.Y. provided law enforcement officers with screenshots of the WeChat messages she received from YAN on the evening of the incident. The screenshots depicted messages in Mandarin from YAN. Law enforcement officers translated the

messages from Mandarin to English using an open-source language translation system and noted that the messages contained apparent threats by YAN to harm P.Y. when they next met.

| | |
|---|---|
|  | Monday 06:11<br>**Cherish your opportunity. At 6:30, I won't wait for you to come, so I won't listen to anything anymore. It's just that I'm going to find you.**<br><br>Monday 06:35<br><br>Monday 19:14<br>**Arrogant, trying to push me**<br>**You think I'm reluctant to touch you, right? Then I'll touch someone else**<br><br>Monday 19:46<br>**No matter how much she likes something, if she hates it every day, and when it gets to a certain extent, you can finally ruin her**<br><br>*P.Y.: You don't even understand how to like someone* |

| | |
|---|---|
|  | *P.Y.: You don't understand how to like someone, and if you like someone, you wouldn't do things like that*<br><br>**Don't be a slut and still have to act up. Damn, what have you done? Don't you have any sense of what you're doing? You're still judging others from the moral high ground? Damn, a bitch is heartless, an actor is heartless**<br>**I'm going to smash the shop tonight. After waiting a bit, I'll bring some people over to smash the shop**<br>**Don't think you can succeed, not even a single one**<br>**This is the price and consequences you must pay for deceiving others' feelings—just accept it**<br><br>*P.Y.: Don't be so harsh with me*<br><br>**Also, waiting for your American husband's call** |




**But if we're going to discuss these things, I don't guarantee that this relationship will end on these terms. You are making me recall more hateful things you've said, and I might change my mind**

Tuesday 14:13
**Give me an answer before four o'clock. Are you sure you're giving the first floor to me? I'll go pick it up, and after that, we have nothing more to do with each other.**

Tuesday 16:55
**Back to your old ways? What do you say? It's already five o'clock.**

Tuesday 17:55
**I stayed in that room on the first floor yesterday, I'll be there soon**
**Also, if you keep ignoring messages and don't reply, damn it, I'll hit you every time I see you.**

13. On or about August 25, 2026, at approximately 2255 hours, DPS and HSI personnel encountered and arrested YAN pursuant to a local arrest warrant. A search incident to the arrest yielded the presence of a cell phone on YAN's person. YAN also confirmed to law enforcement officers that he was the owner of the cell phone.

14. On or about August 26, 2026, DPS and HSI executed a search warrant at YAN's residence, located on the corner lot of Route 32 and Maguro in As Perdido Village, Saipan. The warrant was issued by the CNMI Superior Court. During the search, law enforcement officers discovered numerous items of paraphernalia throughout the residence, including Ziploc-style baggies and a digital scale, which, based on my training and experience, are commonly used to package, weigh, and distribute controlled substances. Law enforcement officers also recovered crystalline substances believed to be methamphetamine.





15. DPS weighed the suspected methamphetamine and recorded a total gross weight of 41.23 grams. A field test was conducted on samples of the recovered substances using a TruNarc handheld narcotics analyzer. The samples yielded a positive presumptive result for methamphetamine. Based on my training and experience, this quantity is consistent with distribution rather than personal use. The quantity recovered exceeded an amount typically associated with personal consumption and is indicative of possession for the purpose of further distribution. Law enforcement officers also discovered a .22 caliber Ruger precision rifle and a black fifteen (15) round capacity magazine containing fifteen (15) rounds of .22 caliber ammunition inside YAN's residence.

16. YAN's residence also had numerous security cameras around the property:



Based on my training and experience, I know that drug traffickers often use security cameras as "tools of the trade" to guard against law enforcement and to prevent 'rip-offs'—that is, robberies by rival dealers or buyers. Based on that same training and experience, I further believe that when security cameras are present at a drug trafficker's residence, it generally reflects a continuing drug-trafficking operation rather than isolated or recent activity.

17. HSI database checks reveal that YAN, a national of the People's Republic of China (PRC), entered the CNMI on or about April 2025 and overstayed his lawful authorization to be present in the United States.

18. YAN is currently detained at the CNMI Department of Corrections having failed to post a $100,000 cash bail in his local case.

**Conclusion**

19. Based on the foregoing, I have probable cause to believe that YAN has committed the offenses of Title 18, United States Code, Section 875(c), Interstate Threatening Communications, and Title 21, United States Code, Section 841(a)(1), Possession with the Intent to Distribute Methamphetamine.

20. I have shown this affidavit and the accompanying complaint to Assistant United States Attorney Garth Backe, and he informs me that the complaint and affidavit are in proper form.

Respectfully submitted,

Jay O. Charley
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN TO before me on this 5th day of October 2026.

RAMONA V. MANGLONA
Chief Judge
District of the Northern Mariana Islands